UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMUEL BLACK,

    Plaintiff,

v.                                                                                     Case No:   6:14-cv-133-Orl-22TBS

STATE OF NEW YORK FEDERAL
GOVERNMENT,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc 2).   Upon due consideration I respectfully recommend that the Court deny Plaintiff's motion and dismiss this case with prejudice.

### Background

On January 27, 2014, Plaintiff, who is pro se, filed his complaint consisting of a cover sheet and one unintelligible page to which he attached copies of a citizen intake form with the Orlando, Florida United States Attorney's Office; various correspondence with the New York Attorney General's office; a request to the Social Security Administration to cease child support payments to Ms. Ellen Floyd; a letter to Ms. Floyd, accusing her of tampering with his paternity test; and various fax transmissions. Plaintiff's complaint stated that he intended to ask for $10 billion in damages.   On January 30, 2014, Plaintiff filed his amended complaint, consisting of a cover sheet and his original, unintelligible page, with slight modifications.   The amended complaint shows copies to New York Governor Andrew Cuomo, New York Attorney General Eric T. Scheiderman, and the Experian credit reporting company.   Plaintiff appears to accuse

others of falsifying the results of a DNA paternity test and entering those results on the record in a New York state court.

Upon a *sua sponte* examination of the two complaints, I issued a report recommending that Plaintiff's complaint be dismissed without prejudice.  (Doc. 4). Before the Court could act on my report, Plaintiff filed a second amended complaint. (Doc. 5).  The Court terminated my report and referred the case to me to issue a report and recommendation on Plaintiff's second amended complaint.  (Doc. 6).  Plaintiff's second amended complaint states in its entirety:

> THE Plaintiff filed Verified Complaint DNA Notary Fraud/Civil Action/Civil Sue against State of New York Federal Government all alleges case #37179S1 and Docket#P33262/09 file with US Attorney and Federal Clerk of the Court.  The Plaintiff respectfully recommend that the court ruling on a motion ask the court to amended the complaint against Defendants and the Plaintiff ask the court to grant a hearing and trial all charging.  Plaintiff have been file with the US Attorney Office set aside date time for a hearing and trail action against defendant.  Plaintiff state that never submitted a DNA Test never appeared in any family court in New York for DNA test the Clerk of Court Family Court un sign Orchid Cellmark Lab Specimen Collector from North East Testing Plaintiff A Exhibit Composite.  Plaintiff B Exhibit Composite to my Congressman of Manhattan Family in New York and Human Resource Administration Office of Chile Support Enforcement P.O. Box 830 Canal Street Station New York NY never receive any court paper from New York Family Court until the Plaintiff forward a letter to Congerssman John Mica The Plaintiff never receive any court from 2009 until 2012 Florida Child support enforcement did not have court order Child Support from New York Family Court know case.  The ask the US Attorney and Federal Clerk of Court to issue Federal Felony Arrest Warrants all parties listing in the complaints and Civil Action/Civil Sue.  The Defendants file fraud claims conspiracy false document DNA submitted fraud statement to Manhattan Family Court Clerk of Court 60 Lafayette St. New York NY

(sic) (Doc. 5).   He attaches to his second amended complaint (1) a form filled out by

Orchid Cellmark, presumably having to do with the DNA test; (2) several copies of postage receipts to various parties; and (3) letters to and from Congressman John L. Mica.  (Doc. 5-1).  In his letter to Congressman Mica, Plaintiff explains that he believes he is the victim of child support and DNA fraud.  (Id. at 10).  He states that he has never lived in New York, where the child support action presumably took place, and that he has never met Ellen Floyd, the presumed mother suing for child support.  The rest of his letter is much like his second amended complaint, except that he places an emphasis on the fact that has mailed all members of the "New York Family Court."  (Id.).  The letter and the second amended complaint do not state precisely what he mailed.  The Congressman's return letter states only that he has contacted the appropriate officials at the Florida Child Support Division and asked them to look into Plaintiff's situation.  (Id. at 11).

## Discussion

Prior to determining whether Plaintiff qualifies to proceed in forma pauperis, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review his second amended complaint to determine whether it should be dismissed.  Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the action fails to state a claim upon which relief may be granted.

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  Nevertheless, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).   Although district courts apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief.   See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted); Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).

Plaintiff's second amended complaint is unintelligible.   He has not asserted a basis for this Court's jurisdiction, and it does not appear from the face of his complaint that a basis for jurisdiction exists.   Plaintiff has not provided a statement of facts and he has not alleged a cognizable cause of action.   His second amended complaint is not organized into numbered paragraphs and otherwise does not satisfy the minimum pleading requirements of Rule 8(a).

The Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.   See Neitzke, 490 U.S. 319, 328 (1989).   A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).   Here, Plaintiff has unsuccessfully amended his complaint twice and I find that any further attempt at amendment would be futile.

**Recommendation**

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** Plaintiff's motion to proceed in forma pauperis;

2. **DISMISS** Plaintiff's second amended complaint (Doc. 5) with prejudice; and

3. **DIRECT** the Clerk to terminate any pending motions and CLOSE the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendations. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on March 27, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff, pro se